IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Matthew Seth Yarborough, ) | Civil Action No.: 6:14-2165-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Cepheus Deas, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court upon the recommendation of Magistrate Judge Kevin F. McDonald, that the complaint filed pursuant to 42 U.S.C. § 1983[1] by Matthew Seth Yarborough ("the plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). The Magistrate Judge filed his Report and Recommendation on February 25, 2015. (ECF No. 58.) At the time the Report and Recommendation was filed, the plaintiff had not yet responded to the defendant's motion for summary judgment. In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court entered an order on October 10, 2014, explaining that a motion for summary judgment had been filed and further advising the plaintiff of the possible consequences of failing to file a response to the motion. (ECF No. 46.) On October 27, 2014, the plaintiff filed a motion to appoint attorney, which was denied in a Text Order on November 4, 2014. (ECF No. 52.) On January 22, 2015, the Court gave an extension of time *sua sponte* to the plaintiff to respond to the pending motion for summary

---

[1] While the Report and Recommendation of Magistrate Judge Kevin F. McDonald incorrectly identifies this action as one for habeas corpus relief pursuant to 28 U.S.C. Section 2254, the facts and analysis are consistent with the docket of this case.

judgment. (ECF No. 54.) The Court granted the plaintiff an extension until February 11, 2015. *Id.*

On March 17, 2015, the plaintiff filed a document docketed as objections to the Report and Recommendation stating that he "received a letter Titled 'Report of Magistrate Judge'" on March 9th, and that he is "not at all giving up on the lawsuit I filed Civil Action No. 6:14-2165-BHH-KFM (sic)."

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S. Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**DISCUSSION**

Because the plaintiff has indicated he received the Report and Recommendation on March 9, 2015, and that he does not want to give up on his case, the court declines to conduct a *de novo* review of the Report and Recommendation at this time and refers the case back to the Magistrate Judge for further review and consideration based upon the plaintiff's latest filing. The Clerk's Office is directed to update the plaintiff's address that was provided on the bottom of the document docketed as the plaintiff's objections. (ECF No. 62.).

IT IS ORDERED that the within matter is herewith referred back to Magistrate Judge Kevin F. McDonald for further consideration consistent with this order.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

April 20, 2015
Greenville, South Carolina