IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Matthew Seth Yarborough, | ) | Civil Action No.: 6:14-2165-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Cepheus Deas, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Matthew Seth Yarborough ("the plaintiff"), proceeding *pro se*, brought this action pursuant to Title 42, United States Code, Section 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling and a Report and Recommendation ("Report").

This matter is once again before the Court on the defendants' motion for summary judgment which was filed on October 10, 2014. (ECF No. 45.) In an Order issued on May 1, 2015 (ECF No. 64), the Court declined to adopt the first Report (ECF No. 58) of Judge McDonald that recommended dismissal of the complaint for failure to prosecute because the plaintiff filed an Objection to the Report and asked that his case be allowed to proceed (ECF No. 62). This case was remanded back to the Magistrate for further consideration, and on June 17, 2015, Judge McDonald issued a Report recommending that the defendant's motion for summary judgment be granted because *inter alia* the plaintiff failed to exhaust administrative remedies. (ECF No. 77.) The Magistrate Judge advised the plaintiff of the procedures and requirements for filing objections to the Report and

Recommendation and the serious consequences if he failed to do so. (ECF No. 77 at 10.) The plaintiff filed no objections and the time for doing so expired on July 6, 2015.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S. Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

August 10, 2015
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.